KELLY *against* EVANS Administrator of WADSWORTH.

### IN ERROR.

W. gave a note to the plaintiff, and defendant for services, to be rendered; afterwards W. and N. made an agreement with the defendant for a larger sum, for the same services, and the defendant agreed to keep W. clear of liability, and costs on account of the note given to the plaintiff and defendant. The defendant received the sum stipulated on the agreement with W. and N. and the services were performed by the plaintiff and defendant. *Held:* that the engagement of the defendant, to keep W. clear, was a promise to satisfy the plaintiff, and might be enforced by the party beneficially interested; and the payment to the defendant is to be considered, as regards the plaintiff, as having been paid on the note, so far as was necessary to discharge it.

This was a writ of error, to the judgment of the District Court of York county, in favor of the defendant upon the following case stated, in nature of a special verdict.

On the first of August, eighteen hundred and twenty-four, *Elizabeth Williams,* gave a note to *F. M. Wadsward* and *Thomas Kelly,* for three hundred dollars, for services to be performed in defending an action of ejectment.

On the twenty-eighth of August, eighteen hundred and twenty-six, *Wadsworth* made an agreement with *E. Williams* and one *John Neff,* that in consideration that they would pay him four hundred dollars, he would defend the said action of ejectment, and keep *Elizabeth Williams* clear of liability, and costs an account of the note given to *Wadsworth* and *Kelly* for three hundred dollars.

Afterwards on the first day of February, eighteen hundred, and thirty, *Wadsworth* received the said four hundred dollars, on the agreement with *Elizabeth Williams* and *John Neff. Wadsworth,* rendered his services in defending the said action of ejectment. *Thomas Kelly* also rendered his services in defending the said action of ejectment.

The cause was argued for the plaintiff in error by

*Gardner,* who cited *Algeo* v. *Algeo,* 10 *Serg. & Rawle,* 235. *Young* v. *Henderson's Executor,* 2 *Yeates,* 216. *Bickman* v. *Irwin,* 3 *Yeates,* 66. *Eastwick* v. *Hugg,* 1 *Dall.* 223. *Ralston* v. *Bell;* 2 *Dall.* 242. *Morrison* v. *Berkey,* 7 *Serg. & Rawle,* 238. *Kearney* v. *Tanner,* 17 *Serg. & Rawle,* 94.

And by *Lewis* for the defendant in error.

PER CURIAM.—The engagement of the defendant's intestate to keep the drawer clear, was a promise to satisfy the plaintiff, because the engagement could be performed in no other way; and such a promise may be enforced by the party beneficially interested. But the money was actually received by the intestate, and consequently

in part to the plaintiff's use. Nor is this consequence to be averted by the fact that the money was paid on a new contract. That contract was substituted without the concurrence of the plaintiff; and whatever might be the new relation created by it, between the immediate parties, yet as regards the plaintiff, and the intestate, the payment is to be considered as having been on the original note, at least so far as was necessary to discharge it.

Judgment below reversed, and judgment here for the plaintiff.